**STATE of Tennessee, Appellee,**

v.

**Danny C. GREEN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 31, 1997.

No Permission to Appeal Applied for to the Supreme Court.

Philip A. Condra, Public Defender, Jasper, for Appellant.

Charles W. Burson, Attorney General and Reporter, Karen M. Yacuzzo, Asst. Attorney General, Nashville, J. Michael Taylor, District Attorney General, Steven M. Blount, Asst. District Attorney General, Winchester, for Appellee.

### OPINION

PEAY, Judge.

The defendant was indicted for violating the habitual traffic offender act and for driving on a revoked license (DORL). A jury found him guilty of these offenses and the trial court determined that the DORL was a fifth offense. After a hearing, the defendant was sentenced as a Range I standard offender to eighteen months in the Tennessee Department of Correction on the habitual traffic offender violation, and to eleven months, twenty-nine days at seventy-five percent on the fifth offense DORL. The sentences were ordered to run concurrently. Upon the defendant's motion for new trial, the trial court merged the DORL offense into the habitual

traffic offender offense and set aside the misdemeanor judgment and sentence.

In this appeal as of right, the defendant contends that he was denied a fair trial when the prosecutor repeatedly called him by his first name during cross-examination and referred to their acquaintanceship and the defendant's knowledge of the officers in the Winchester Police Department; that the trial court erred by not considering him for an alternative sentence; and that his conviction for DORL must be dismissed under double jeopardy grounds. The State contends that the trial court erred when it set aside the misdemeanor judgment and sentence, and requests this Court to reinstate that conviction. After a review of the record, we affirm the judgment below.

With respect to the defendant's first issue, the record reveals that the prosecutor called him "Danny" approximately sixteen times during cross-examination, in spite of being directed repeatedly by the court not to do so. When the court directed the prosecutor a third time to cease from calling the defendant by his first name, he stated, "I apologize, Judge. Mr. Green and I know each other." Earlier in the cross, the prosecutor had stated to the defendant, "Danny, you know every police officer in Winchester Police Department." The trial court sustained the defendant's objection to this "question." The defendant claims that the prosecutor's conduct during the cross-examination deprived him of a fair and impartial trial.

■ On appeal, the defendant is required to show that the conduct was so improper that it affected the verdict to his detriment. *Harrington v. State,* 215 Tenn. 338, 385 S.W.2d 758, 759 (1965). In reviewing an allegation of improper conduct, this Court should consider several factors, including the *intent* of the prosecutor, the *curative measures* which were undertaken by the court, the improper conduct viewed in context and in light of the facts and circumstances of the case, the *cumulative effect of* the remarks with any other errors in the record, and the relative strength or weakness of the case. *Judge v. State,* 539 S.W.2d 340, 344 (Tenn.Crim.App.1976).

■ The record reveals that the defendant objected only once to the prosecutor's use of his first name, and this only after the sixteenth time. The defendant did not object when the prosecutor stated that they knew each other. Accordingly, the defendant has waived any complaint he may have with respect to these remarks. *See State v. Little,* 854 S.W.2d 643, 651 (Tenn.Crim.App.1992) (failure to object to prosecutor's alleged misconduct during closing argument waives later complaint). The defendant did object to the prosecutor's "question" that he knew every officer in the police department. The trial court sustained this objection.

■ We first note that the prosecutor's repeated use of the defendant's first name, in spite of repeated admonitions by the trial court, was blatantly improper. His references to the defendant's acquaintanceship with him and the Winchester Police Department were equally improper. However, in reviewing the course of the entire trial, we cannot conclude that the prosecutor's conduct so prejudiced the defendant as to deprive him of a fair trial. The arresting officer testified that he had seen the defendant driving a car immediately before arresting him. The sighting occurred during daylight hours and while the two passed going opposite directions on a two lane residential street. The defendant testified that his wife had been driving and that he had been in the passenger seat. However, the defendant did not call his wife to the stand to corroborate his testimony.

Viewed in the context of cross-examination, in light of the facts and circumstances of the case, and taking into account the strength of the State's evidence, we do not think the cumulative effect of the prosecutor's improper remarks so prejudiced the defendant as to affect the verdict to his detriment. Accordingly, while we admonish the prosecutor to follow future instructions and to address all witnesses in a professional manner, we find this issue to be without merit.

The defendant next contends that the trial court erred by failing to consider him for an alternative sentence. The State concedes in its brief that the trial court should have

considered alternative sentencing. The State argues that this error was harmless, however, because the defendant is not an appropriate candidate for an alternative sentence. We agree with the State.

The defendant was convicted of a Class E felony and was sentenced as a Range I standard offender. Under these circumstances, he is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40–35–102(6). Evidence to the contrary sufficient to rebut this presumption includes proof that the defendant has a long history of criminal conduct; that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to him; and that he lacks the potential for rehabilitation. T.C.A. § 40–35–103(1)(A) and (C), (5).

■ The presentence report admitted at the sentencing hearing reflects that the defendant has an extensive history of criminal conduct, including three felony convictions for third-degree burglary; misdemeanor convictions for evading arrest, disorderly conduct, and public intoxication; and numerous convictions for DORL. The report further indicates that the defendant was on probation in 1991 when he was arrested for DORL; on probation in 1992 when he was again arrested for DORL; and on probation in 1993 when he was arrested for violating the habitual traffic offender act. He was on probation when he was arrested for the instant offenses. Thus, measures less restrictive than confinement have recently and frequently been applied unsuccessfully to the defendant. Finally, the large number of DORLs committed by this defendant indicate that he is not amenable to rehabilitation. In light of this proof, we agree with the State that, although the trial court should have considered alternative sentencing for this defendant, this error was harmless because the defendant was properly sentenced to confinement. This issue is therefore without merit.

In his final issue, the defendant argues that his conviction for DORL should be dismissed. However, the court below has previously merged the DORL conviction with the habitual offender conviction, and ordered the judgment imposing sentence on the DORL conviction "set aside and held for naught." We are, therefore, uncertain as to what additional relief the defendant now seeks. The State, on the other hand, requests us to reinstate the DORL conviction and sentence on the grounds that it is not a lesser included offense of the habitual offender violation.

■ Under both the federal and state double jeopardy provisions,[1] a defendant cannot be convicted of two offenses if one is a lesser included offense of the other. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *State v. Black,* 524 S.W.2d 913, 915 (Tenn.1975). The current test under the federal constitution for determining whether an offense is a "lesser included" of another is "whether each [statutory] provision [setting forth the offense] requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Under the *Blockburger* test, we agree with the State that DORL is not a lesser included offense of violating the habitual offender law. DORL requires proof of driving on any public Tennessee highway at a time when the driver's privilege to do so is canceled, suspended or revoked. T.C.A. § 55–50–504(a)(1). An habitual offender violation requires proof of driving by an habitual offender while under a court order prohibiting driving. T.C.A. § 55–10–616(b). Thus, DORL requires that the driving be on a public highway while the habitual offender offense does not. An habitual offender offense requires the driver to have been previously declared an habitual offender while DORL does not. Therefore, the *Blockburger* test is met.

■ However, our double jeopardy analysis does not stop there. Our Supreme Court has recently extended the scope of double jeopardy protection under the Tennessee Constitution beyond that provided by the

1. The double jeopardy clause of the United States Constitution provides "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. Similarly, the Tennessee Constitution provides "[t]hat no person shall, for the same offence, be twice put in jeopardy of life or limb." Tenn. Const., Art. I, Sec. 10.

United States Constitution. *See State v. Denton,* 938 S.W.2d 373 (Tenn.1996). Under *Denton,* we must add to our *Blockburger* statutory analysis the following three steps: "an analysis, guided by the principles of *Duchac [v. State,* 505 S.W.2d 237 (Tenn.1973),] of the evidence used to prove the offenses; ... a consideration of whether there were multiple victims or discrete acts; and ... a comparison of the purposes of the respective statutes." *Denton,* 938 S.W.2d at 381. In undertaking this additional analysis, we must bear in mind that "[n]one of these steps is determinative; rather the results of each must be weighed and considered in relation to each other." *Id.*

The principles of *Duchac* concern the "identity of offenses" test for determining whether multiple offenses are the "same" for *double jeopardy purposes. According to* the *Duchac* court, " 'One test of identity of offenses is whether the same evidence is required to prove them.' " 505 S.W.2d at 239 (citation omitted). If so, multiple convictions cannot stand. In the instant case, the State relied on precisely the same evidence to prove both the DORL and habitual offender offenses: that Officer Greg Branch, previously aware that the defendant had been declared an habitual offender, observed the defendant driving down a residential street. After the defendant turned into a driveway and got out of the driver's side of his car,

Officer Branch arrested him. Accordingly, under the principles of *Duchac,* we find that these two offenses are the "same" for double jeopardy purposes under the Tennessee Constitution.

Finishing our analysis under *Denton,* we note that the defendant's offenses did not involve multiple victims or discrete acts and that the purposes of the statutes at issue are the same: to prevent persons perceived to be dangerous drivers from continuing to drive and endangering others. Accordingly, our analysis under *Denton* persuades us that the defendant's dual convictions for DORL and violating the habitual offender law cannot stand.[2] The trial court was correct in dismissing the DORL, and we therefore deny the State's request to reinstate the defendant's conviction for DORL. Further, to the extent that the defendant's conviction for DORL in this case remains in existence, we order it vacated. The judgment below is otherwise affirmed.

WELLES and SMITH, JJ., concur.

---

2. Our holding in this case, while based on a somewhat different analysis, is consistent with this Court's opinion in *State v. Mark Cambron Nickens,* No. 03C01–9205–CR–00189, Hamilton County, 1993 WL 291731 (Tenn.Crim.App. filed Aug. 5, 1993, at Knoxville).