# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION



FILED

**June 17, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9802-CC-00050 |
| Appellee, | ) |
| | ) McNairy County |
| V. | ) |
| | ) Honorable Jon Kerry Blackwood, Judge |
| | ) |
| **TERRON PAUL BORDEN,** | ) (Violation of HMVO Order) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Lloyd R. Tatum
Tatum, Tatum & Weinman
Attorneys at Law
124 E. Main Street
P.O. Box 293
Henderson, TN 38340

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General

Ed Neal McDaniel
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**REVERSED AND DISMISSED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Terron Paul Borden, was arrested on February 28, 1997, in McNairy County for driving on a revoked license, speeding, and violation of the Motor Vehicle Habitual Offenders Act (HMVO). He retained a lawyer. Counsel appeared with him in the McNairy County General Sessions Court on April 18, 1997. Plea negotiations ensued. The appellant entered a guilty plea to driving on a revoked license. He waived his right to a preliminary hearing on the HMVO charge. A true bill of indictment was returned by the McNairy County Grand Jury on the HMVO charge on June 9, 1997.

The appellant filed a motion to dismiss in the McNairy County Circuit Court based on double jeopardy provisions. The trial court denied the motion to dismiss. After plea negotiations concluded, the appellant entered a guilty plea to the HMVO violation but reserved the right to appeal a certified question of law pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure. The appellant perfected his appeal to this Court.

The issue before this Court is simple. Under the provisions of State v. Green, 947 S.W.2d 186 (Tenn. Crim. App. 1997), can the appellant be convicted of both driving on a revoked license and a violation under HMVO? We conclude that he cannot be convicted of both crimes.

In Green, this Court found that driving on a revoked license is not a lesser included offense of violating the habitual motor vehicle law. We further found that under the provisions of Duchac v. State, 505 S.W.2d 237 (Tenn. 1973), these two offenses are the "same" for double jeopardy purposes under the Tennessee Constitution. The Court found that under the principles enunciated in State v. Denton, 938 S.W.2d 373 (Tenn. 1996), double jeopardy principles were

violated; and a defendant could not be convicted of both driving on a revoked license and a violation of HMVO.

The Attorney General concedes this issue. The state agrees that convicting this appellant of both crimes violates double jeopardy provisions.

The judgment of conviction of violation as a habitual offender under the Motor Vehicle Habitual Offenders Act (HMVO) is reversed, and the indictment is dismissed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

-4-

_____
DAVID H. WELLES, Judge

_____
JOE G. RILEY, Judge