IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2003

## STATE OF TENNESSEE v. MORGAN L. RAY

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15109     Lee Russell, Judge**

———————————

**No. M2002-02910-CCA-R3-CD - Filed December 8, 2003.**

———————————

The defendant pled guilty to driving while under the status of a habitual motor offender; two counts of driving under the influence, seventh offense; two counts of driving on a revoked license, eighth offense; and violation of the implied consent law.  The trial court gave the defendant an effective sentence of nine years in the Tennessee Department of Correction.  The defendant contends on appeal that the trial court erred by not granting him alternative sentencing.  Plain error requires us to vacate the judgment of conviction for driving on a revoked license (count three) because of double jeopardy prohibitions.  The other judgments from the trial court are affirmed in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part;**
**Vacated in Part**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Donna Leigh Hargrove, District Public Defender, and Andrew Jackson Dearing, III, Assistant Public Defender, for the appellant, Morgan L. Ray.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Morgan L. Ray, pled guilty to driving while under the status of a habitual motor offender (Class E felony); two counts of driving under the influence, seventh offense (Class E felony); two counts of driving on a revoked license, eighth offense (Class A misdemeanor); and violation of the implied consent law (Class A misdemeanor).  The sentences were to be determined by the trial court.  The defendant was sentenced to three years on each of the DUI convictions and three years on the habitual motor offender violation.  The trial court ordered that the sentences be

served consecutively, for an effective sentence of nine years in the Tennessee Department of Correction. This appeal timely followed. The defendant contends on appeal that the trial court erred by not granting him alternative sentencing. The judgment of conviction for driving on a revoked license (count three) is vacated. The other judgments of the trial court are affirmed.

## Facts

The defendant pled guilty to all charges with the sentence to be determined at a sentencing hearing. At the guilty plea hearing, the State summarized the facts as follows:

GEN. RANDLES: Yes, sir. The factual basis is that - - there are actually two factual bases here. The first occurred on March 23rd, the other set of events on May 24, both of this year.

The events occurred, occurring on March 23rd were that on that day the defendant was involved in an accident where he ran into a convenient store out in the country. I believe it's on Warner Creek Road. I think it's called the Three Corner's Market or the Three-way Market or something like that. But anyway, ran into the building. The Tennessee Highway patrol was summoned out there and - -

THE COURT: Ran the car into the building?

GEN. RANDLES: Yes, sir. Actually, I think crashed in - - went inside the building. I mean, it wasn't just hit the building. He went through the front glass.

The highway patrol showed up out there. The defendant was injured and had to be transported to the hospital. But in the meantime, Trooper Inman talked with the defendant. The defendant admitted he was the driver. The defendant admitted he had been drinking, but he refused to give a blood sample to determine his blood alcohol and he was not - - because of his injuries, he was not in shape to do a field sobriety test, but the trooper could obviously tell he had been drinking.

The other situation occurred on May 24th, involved Trooper Blackwell. I believe that was a stop and, again, the defendant refused to give a blood alcohol, but the trooper could tell that the defendant had been drinking on that occasion.

In both of those situations, he did not have a driver's license. To be honest, the state has made a mistake here, but defendant, by pleading guilty has jeopardy now attached. He can't do anything about it so I guess he has gained one thing.

You'll notice in one situation, the March 23rd situation, having driving -- having been charged with driving after being declared a habitual motor offender, he should have been charged in the May 24th, but then also that status was in effect, but

he was not -- to be honest, I didn't notice the discrepancy there until the grand jury had met this last time until after that, so there is no way to cure it. But he has been previously declared a habitual motor offender and that status has been in effect ever since that order was put down. I don't recall the exact, but it's been a while. I want to say it goes back to maybe '98 and that's been in place for a while.

And he also has numerous DUI convictions and those justify it being the 7th offense and numerous driver's license convictions. Those justify to be an 8th offense.

**Analysis**

The defendant contends on appeal that the trial court erred in denying him alternative sentencing. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210(b), to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

In determining if incarceration is appropriate, a trial court should consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have

often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1)(A)-(C); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The defendant contends that he is entitled to the presumption that he is a favorable candidate for alternative sentencing since he was convicted of nothing higher than Class E felonies. However, although not argued by the State in its brief, the defendant is not entitled to the presumption. Only especially mitigated or standard offenders are eligible for the presumption. Tenn. Code Ann. § 40-35-102(6). As correctly indicated on the judgment forms, the defendant is a multiple offender. Therefore, he is not entitled to the presumption that he is a favorable candidate for alternative sentencing.

The trial court found that the defendant has an extensive prior criminal record. The presentence report indicates that the defendant has nine prior convictions for DUI, twelve for driving on a revoked license, seven for public intoxication, two for assault, two for leaving the scene of an accident, failure to comply with judicial penalty on a DUI conviction, disorderly conduct, resisting arrest, and joyriding. The defendant was declared a habitual motor offender in 1998. The defendant has four prior felony convictions including felony escape, attempt to commit burglary, and two for third degree burglary.

Although it appears from the record that the trial court did not rely on the prior convictions in determining the defendant's sentence, the defendant has also had numerous charges dismissed including open container, no proof of insurance, failure to use safety belt/child restraint five times, violation of the registration law four times, aggravated assault two times, failure to comply with judicial penalty on DUI convictions two times, reckless driving, reckless endangerment, unlawful possession of a weapon, driving with a revoked license, DUI, evading arrest, and coercion of a witness.

In addition to the defendant's extensive criminal record, the trial court denied alternative sentencing based on the defendant's lack of potential for rehabilitation. See Tenn. Code Ann. §§ 40-35-102(5), -103(5). The record shows that the defendant has had several revocations of probation and parole. Additionally, the defendant has owed the Bedford County Clerk $4226.50 in unpaid fines and costs since 1994. The record evinces the defendant's clear disregard for the laws and morals of this state. The defendant was out on bond for the first DUI in this case when he committed the second. In fact, it was the very next day. In regard to the DUI where the defendant crashed into a building, he stated that his vehicle had mechanical problems and that the incident did not occur because of his being intoxicated. The defendant obviously has not accepted full responsibility. The defendant has not demonstrated his potential for rehabilitation or that he is a suitable candidate for probation. The record supports the trial court's denial of alternative sentencing.

Although not addressed by either party, one of the defendant's convictions for driving on a revoked license and the habitual motor offender offense were based upon the same evidence. They both came about as a result of the events on March 23, 2002. Therefore, these offenses are the "same" under double jeopardy analysis. See State v. Green, 947 S.W.2d 186, 190 (Tenn. Crim. App. 1997) (citing Duchac v. State, 505 S.W.2d 237, 239 (Tenn. 1973)). Plain error requires us to vacate the judgment of conviction for driving on a revoked license (count three) because of double jeopardy prohibitions. We note the defendant's effective sentence remains unchanged.

**Conclusion**

Based on the foregoing and the record as a whole, the judgment of conviction for driving on a revoked license (count three) is vacated. The other judgments from the trial court are affirmed in all respects.

_____
JOHN EVERETT WILLIAMS, JUDGE