# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JOHN E. LYNCH v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. R.D. 6071    Joe H. Walker, III, Judge**

---

**No. W2006-01869-CCA-R3-HC  - Filed May 31, 2007**

---

The Petitioner, John E. Lynch, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to assert a ground that would entitle him to habeas corpus relief.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

John E. Lynch, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Brian Clay Johnson, Assistant Attorney General; for the appellee, State of Tennessee.

## MEMORANDUM OPINION

From the record before this Court, it appears that, in November 2005, the Petitioner was sentenced by the Marshall County Circuit Court, as a multiple offender, to three years confinement

resulting from a guilty plea to a violation of habitual traffic offender.[1] No appeal was taken. The Petitioner avers that he filed a motion for sentence reduction and a petition for post-conviction relief, however, the record before this Court fails to so reflect. The Petitioner alleges that prior to his guilty plea, he had been convicted in previous years of driving on a revoked license and driving under the influence. Specifically, the Petitioner was convicted in 1998 of driving after being declared a habitual motor vehicle offender and driving while intoxicated, sixth offense; and, in 2000, he was convicted of driving after being declared a habitual motor vehicle offender and driving while intoxicated, seventh offense. In 1996, the Petitioner had been declared a habitual motor vehicle offender.

On July 11, 2006, the Petitioner filed a petition for habeas corpus relief in the Lauderdale County Circuit Court. In the petition, the Petitioner alleged that the November 2005 judgment of conviction was void. He argued that "the punishment imposed on [c]ount two [driving on a revoked license] is not authorized by law for this [p]articular crime." Indeed, he asserted that "[c]ount two is a class A misdemeanor and I am punished under a 35% felony sentence for same." The Petitioner further claimed that the judgment was void as the initiating 1996 judgment declaring the Petitioner a habitual motor vehicle offender was void.

In an order entered July 18, 2006, the lower court denied habeas corpus relief. In denying relief, the trial court entered the following findings of fact and conclusions of law:

> He alleges that the order issued declaring him to be an habitual offender by Marshall County Criminal Court in February 1996 is a void order. He attached the order, which has his name as the defendant, but in the body of the order has the name of David R. Ledford. He states that the conviction in 2005 should be invalidated because he has never been declared an habitual offender, since the wrong name was used in the body of the order.
>
> The attack of the order declaring petitioner to be an habitual offender must be filed in the court of conviction. This court has no jurisdiction over that matter; and does not have the file, and is unaware whether a corrected order has been filed.
>
> With regard to the current conviction in 2005 as a multiple offender, habeas corpus relief is not available.

The Petitioner filed a timely notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek

---

[1] The Petitioner asserts that he was indicted on one count of violation habitual traffic offender and one count driving on revoked license, 8th offense. He entered guilty pleas to both offenses. The trial court merged the two convictions.

habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner alleges that he was sentenced to three years for the misdemeanor conviction of driving on a revoked license, eighth offense. The judgments of conviction clearly reflect that the lower court properly merged this misdemeanor offense with the felony conviction for violating the habitual motor vehicle act. *See State v. Green*, 947 S.W.2d 186, 190 (Tenn. Crim. App. 1997). Accordingly, the three year sentence imposed for violating the habitual motor vehicle offender act is not illegal or void.

Next, the Petitioner asserts that 1996 order declaring him to be a habitual motor vehicle offender is void due to a clerical error. Specifically, the order identifies the Petitioner as John E. Lynch in the caption and twice in the first paragraph of the order. However, in the second paragraph, the offender is identified as David R. Ledford. Notwithstanding this clerical error, the Petitioner signed the order acknowledging that the allegations were well-founded against him. It is well established that clerical errors do not give rise to void judgments. *McChristian v. State*, 159 S.W.3d 608, 610 (Tenn. Crim. App. 2004). Thus, the Petitioner's allegations fail to state a cognizable claim for habeas corpus relief.

The Petitioner's sentence has not expired and the trial court was with jurisdiction to enter the judgment against him. For these reasons, the lower court's dismissal of the Petitioner's request for habeas corpus relief was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE