# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## APRIL 1998 SESSION

FILED

May 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9707-CC-00270 |
| Appellee, | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. FRANKLIN MURCHISON, |
| AARON BENARD GRAY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Robbery and |
| | ) | Aggravated Assault) |

**FOR THE APPELLANT:**

**CLIFFORD K. McGOWN, JR.**
**(On Appeal)**
113 North Court Square, Ste. 204
P.O. Box 26
Waverly, TN  37185-0026

**GEORGE MORTON GOOGE**
**(At Trial and Of Counsel on Appeal)**
District Public Defender

**VANESSA D. KING**
**(At Trial)**
Assistant Public Defender
227 W. Baltimore Street
Jackson, TN  38301-6137

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DOUGLAS D. HIMES**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**DONALD H. ALLEN**
Assistant District Attorney General
225 Martin Luther King Drive
P.O. Box 2825
Jackson, TN  38302-2825

**OPINION FILED:** _____

**AFFIRMED IN PART; REVERSED IN PART**

**JOE G. RILEY,**
**JUDGE**

The defendant, Aaron Benard Gray, was convicted by a Madison County jury of aggravated robbery and aggravated assault. The trial court sentenced him to concurrent sentences of twelve (12) years as a Range I offender for aggravated robbery and ten (10) years as a Range II offender for aggravated assault. These sentences were ordered to run consecutively to a prior sentence. On appeal, defendant raises four (4) issues for our review:

> (1) whether his dual convictions for aggravated robbery and aggravated assault violate due process under our Supreme Court's ruling in State v. Anthony, 812 S.W.2d 299 (Tenn. 1991);
>
> (2) whether the evidence is sufficient to sustain his convictions for aggravated robbery and aggravated assault;
>
> (3) whether the trial court erred in ruling that the victim was competent to testify; and
>
> (4) whether the trial court erred in imposing the maximum sentence.

We find that the convictions for both aggravated robbery and aggravated assault violate defendant's constitutional protections against double jeopardy; therefore, his conviction for aggravated assault is reversed and dismissed. In all other respects, the judgment of the trial court is affirmed.

**FACTS**

The proof at trial showed that on September 5, 1996, Officer Rex Curry, Jr. of the Jackson Police Department was dispatched to 10 Bronzewood Cove, where an alleged robbery had taken place. The victim, Joe Hunt, resided there with his brother, Edward. The defendant also lived at the residence occasionally with Edward's permission. When Officer Curry arrived, Joe Hunt was visibly upset. Earlier that night, defendant put a knife to Hunt's neck, threatened to kill Hunt and demanded Hunt's money. Hunt stated that defendant took $3 from Hunt's wallet and left the residence.

While Curry was speaking with the victim, Investigator Michael Doran with the

2

Madison County Sheriff's Department located defendant approximately 300 yards from the residence. Doran overheard a radio transmission concerning the robbery and, because he knew defendant, began looking for him. Doran conducted a "cursory frisk" of defendant's person and found a "boxcutter."

Officer Curry, upon learning that defendant had been found, proceeded to that location in order to further investigate the robbery. Defendant was handcuffed and placed in the back seat of Curry's patrol car. Curry drove defendant back to Hunt's residence, where Hunt confirmed that defendant was the man who robbed him. Curry then took defendant to the police station. During the booking procedure, officers found $3 on defendant's person.

The jury returned guilty verdicts for aggravated robbery and aggravated assault. The trial court sentenced defendant as a Range I offender to twelve (12) years for aggravated robbery and as a Range II offender to ten (10) years for aggravated assault.[1] These sentences were ordered to run concurrently to each other but consecutively to a prior sentence. From these convictions and sentences, defendant brings this appeal.

**DOUBLE JEOPARDY**

In his first issue, defendant contends that his convictions for both aggravated robbery and aggravated assault violate his due process rights as delineated by our Supreme Court in State v. Anthony, 812 S.W.2d 299 (Tenn. 1991). He argues that because both convictions stem from the same incident, the aggravated assault is incidental to the aggravated robbery pursuant to Anthony. At the hearing on the motion for new trial, the trial court acknowledged that convictions for both offenses would be improper.[2] We agree. However, we base our ruling on double jeopardy principles rather than due process.

---

[1] Defendant was previously convicted of four (4) Class E felonies, thereby making him ineligible for Range II on the aggravated robbery, a Class B felony.

[2] However, the record does not indicate that the aggravated assault conviction was set aside.

**A.**

In State v. Denton, 938 S.W.2d 373 (Tenn. 1996), the Supreme Court fashioned a method by which courts should analyze a double jeopardy claim under the Tennessee Constitution:

> (1) a Blockburger analysis of the statutory offenses; (2) an analysis, guided by the principles of Duchac[ v. State, 505 S.W.2d 237 (Tenn. 1973)], of the evidence used to prove the offenses; (3) a consideration of whether there were multiple victims or discrete acts; and (4) a comparison of the purposes of the respective statutes. None of these steps is determinative; rather the results of each must be weighed and considered in relation to each other.

938 S.W.2d at 381.

**B.**

Initially, we must start with an analysis of the statutory offenses as provided in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932). The Blockburger test states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. A Blockburger violation is a violation of the double jeopardy provisions of the constitutions of both the United States and Tennessee.

In order to prove aggravated robbery, the state must show that the defendant intentionally or knowingly committed a theft from the person of another by violence or putting that person in fear while employing a deadly weapon. Tenn. Code Ann. §§ 39-13-401(a), 39-13-402(1). An aggravated assault is committed where a defendant intentionally or knowingly causes bodily injury or causes another to reasonably fear imminent bodily injury while using or displaying a deadly weapon. Tenn. Code Ann. §§ 39-13-101(a), 39-13-102(a)(1)(B). The offense of aggravated robbery requires proof of a theft of property, whereas aggravated assault does not. However, the offense of aggravated assault by causing another to reasonably fear imminent bodily injury by the use of a deadly weapon does not require proof of any additional element distinct from the elements of aggravated robbery accomplished with a deadly weapon.

4

Aggravated assault causing another to reasonably fear imminent bodily injury by the use of a deadly weapon is a lesser included offense of aggravated robbery by the use of a deadly weapon. An offense is a lesser included offense "only if the elements of the included offense are a subset of the elements of the charged offense and only if the greater offense cannot be committed without also committing the lesser offense." State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996). By committing the aggravated robbery, defendant, while using or displaying a deadly weapon, necessarily caused the victim to "reasonably fear imminent bodily injury." See Tenn. Code Ann. § 39-13-101(a)(2). Thus, aggravated assault was a lesser included offense of aggravated robbery. See State v. Michael Anthony Revlett a/k/a Mike Revlett, C.C.A. No. 01C01-9604-CR-00141, Davidson County (Tenn. Crim. App. filed July 30, 1997, at Nashville) (holding that trial court properly charged aggravated assault by the use of a deadly weapon as a lesser included offense of aggravated robbery by the use of a deadly weapon).

Under the double jeopardy provisions of the constitutions of both the United States and Tennessee, a defendant may not be convicted of two offenses if one is a lesser included offense of another. Brown v. Ohio, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226-27, 53 L.Ed.2d 187 (1977); State v. Black, 524 S.W.2d 913, 915 (Tenn. 1975); State v. Green, 947 S.W.2d 186, 189 (Tenn. Crim. App. 1997). Therefore, only one conviction may stand.

## C.

Further analysis under State v. Denton also indicates that double jeopardy under the Tennessee Constitution is violated by defendant's dual convictions. The evidence used to prove each offense is virtually identical. For aggravated robbery, the state proved that defendant approached Hunt, put a knife to his neck, threatened to kill him and took $3. The state's proof for aggravated assault was that defendant approached Hunt, put a knife to his neck and threatened to kill him.

Additionally, the offenses arose out of the same incident and involved only one victim. Moreover, the purposes of the statutes are similar in that both offenses involve violence against the person with a deadly weapon. The harm sought to be

5

punished in aggravated assault by the use of a deadly weapon is encompassed in aggravated robbery, even though aggravated robbery also involves a theft and aggravated assault does not.

**D.**

We find that aggravated assault is a lesser included offense of aggravated robbery under the facts of this case. We conclude that defendant's convictions for both aggravated robbery and aggravated assault violate his protection against double jeopardy under the United States Constitution and the Tennessee Constitution. Only one conviction can, therefore, be sustained. Accordingly, defendant's conviction for aggravated assault is reversed and dismissed.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, defendant contends that the evidence is insufficient to support the jury's verdict of guilt. When an accused challenges the sufficiency of the convicting evidence, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this Court. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Nor may this Court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Id. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Because defendant's conviction for aggravated assault is reversed, we will

6

only address the sufficiency of the evidence for the aggravated robbery conviction. Aggravated robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear" accomplished with a deadly weapon or by the display of a deadly weapon. Tenn. Code Ann. §§39-13-401(a), 39-13-402(a)(1). Theft of property is defined as knowingly obtaining or exercising control over property "without the owner's effective consent" and "with the intent to deprive the owner" of the property. Tenn. Code Ann. § 39-14-103.

The state's proof at trial showed that the defendant placed a knife against the victim's neck, threatened to kill him and demanded his money. Defendant then took $3 from the victim's wallet and left the house. The evidence is clearly sufficient to sustain the jury's finding of guilt of aggravated robbery.

This issue is without merit.

## VICTIM'S COMPETENCY TO TESTIFY

Defendant next argues that the trial court erred in allowing the victim, Joe Hunt, to testify. He claims that Hunt was mentally incompetent and had been receiving treatment for a mental disability for approximately twenty (20) years. Therefore, he contends that the trial court should not have permitted him to testify.

Hunt testified that he was receiving Supplemental Security Income at the time of trial. He had been receiving medication at the Jackson Mental Health Center for the past twenty (20) years. However, when asked whether he had a mental disability, Hunt responded, "[n]ot as I know of, I don't." He testified that he knew the difference between the truth and a lie and stated, "I don't believe in going around lying." Furthermore, he stated that understood that he was under oath.

In determining that Hunt was competent to testify, the trial court stated:

All right. It appears to me -- the Motion is overruled. Mr. Hunt is elderly. He has little or no education. He is feeble and he is not sharp, but he's a competent witness. He is very responsive to the questions.

. . . .

everything he has been asked, he has responded to it as he

7

understood the question.  He's competent.

Tenn. R. Evid. 601 provides that "every person is presumed competent to be a witness."  No one is automatically prohibited from testifying because of age or mental status.  State v. Caughron, 855 S.W.2d 526, 537-38 (Tenn. 1993).  "So long as a witness is of sufficient capacity to understand the obligation of an oath or affirmation, and some rule does not provide otherwise, the witness is competent."  Id. at 538.  The question of competency is a matter within the discretion of the trial court.  Id.  The trial court's determination on competency will not be overturned absent a showing of an abuse of discretion.  State v. Howard, 926 S.W.2d 579, 584 (Tenn. Crim. App. 1996).

Hunt testified that he knew the difference between the truth and a lie and did not believe in telling a lie.  Moreover, he stated that he understood the oath that he took.  The trial court did not abuse its discretion in allowing Hunt to testify.

This issue has no merit.


**SENTENCING**


In his final issue, defendant contends that the trial court erred in imposing the maximum sentences for each offense.  We will address only the sentence for aggravated robbery since defendant's conviction for aggravated assault is reversed.


**A.**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The burden is upon the appealing party to show that the sentence is improper.  Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

8

In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); *see* Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

**B.**

In imposing defendant's sentence, the trial court applied three (3) enhancement factors, namely: (1) defendant had a previous history of criminal convictions or criminal behavior, Tenn. Code Ann. § 40-35-114(1); (2) the victim was especially vulnerable because of age or physical or mental disability, Tenn. Code Ann. § 40-35-114(4); and (3) defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, Tenn.

9

Code Ann. § 40-35-114(8). The trial court found no mitigating factors were applicable.

Although defendant does not specifically contest the applicability of any of the above enhancement factors, we will briefly address each of them. According to defendant's pre-sentence report, he had twenty-three (23) prior misdemeanor convictions and four (4) prior felony convictions. Because defendant was sentenced as a Range I offender for the aggravated robbery, the trial court properly applied Tenn. Code Ann. § 40-35-114(1), that defendant has a previous history of criminal convictions or behavior in addition to those necessary to establish the appropriate range.

Secondly, the trial court found that the victim was particularly vulnerable due to his age and mental condition. This factor can not be established by the showing of age alone. State v. Walton, 958 S.W.2d 724, 729 (Tenn. 1997); State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993); State v. Hunter, 926 S.W.2d 744, 749 (Tenn. Crim. App. 1995). There must be an independent showing that the victim was particularly vulnerable because of his age or mental condition. State v. Walton, 958 S.W.2d at 729. State v. Adams, 864 S.W.2d at 35. While there is no definite reference in the record to the victim's age, all parties apparently agree that he is an elderly man. Defendant testified at the sentencing hearing that Hunt is "mentally incompetent." Defendant also claimed that he was taking care of Hunt due to his mental disability. While finding no specific evidence that Hunt was suffering from a mental disability, the trial court found that Hunt's mental state, combined with his advanced age, would be sufficient to support the application of this factor. We agree.

Lastly, the trial court found that defendant has a previous unwillingness to comply with the conditions of release in the community. Our review of the record reveals that defendant committed several prior offenses while he was on probation for other offenses. Therefore, we find that the trial court properly applied Tenn. Code Ann. § 40-35-114(8).

The trial court properly applied three (3) enhancement factors. The

10

defendant suggests no mitigating factors which should be applicable. Furthermore, the trial court placed great emphasis on defendant's lengthy criminal history. We conclude that the trial court properly imposed the maximum sentence of twelve (12) years for aggravated robbery.

This issue is without merit.

## CONCLUSION

We find that defendant's conviction for aggravated assault violates the double jeopardy provisions under the United States and the Tennessee Constitutions. Therefore, defendant's conviction for aggravated assault is reversed and dismissed. In all other respects, the judgment of the trial court is affirmed.

           _____
           **JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**WILLIAM M. BARKER, JUDGE**

11