IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 08, 2014 Session

**LAWRENCE RALPH v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Warren County**
**No. F10897     Larry B. Stanley, Jr., Judge**

_____

**No. M2013-00828-CCA-R3-PC - Filed May 14, 2014**

_____

The petitioner, Lawrence Ralph, appeals the denial of post-conviction relief, alleging that counsel provided ineffective assistance by not requesting the transcript of voir dire, and that the trial court erred by merging two convictions. Finding that the trial court properly denied post-conviction relief, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE H. WALKER, III, SP. J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

James M. Judkins, Smithville, Tennessee, for the appellant, Lawrence Ralph.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; and Lisa Zavogiannis, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted by jury of driving under the influence (DUI), fourth offense; DUI per se, fourth offense; driving on a revoked driver's license, fifth offense; violation of the habitual traffic offender status; and two counts of evading arrest. The trial court merged the DUI per se conviction with the first count and merged the driving on a

revoked license conviction with the habitual traffic offender conviction. The trial court sentenced the Defendant to four years each for the DUI, fourth offense conviction; the habitual traffic offender status conviction; and the felony evading arrest conviction, to be served consecutively for an effective 12-year sentence. In his appeal as of right, the Petitioner contended (1) that the evidence was insufficient to convict him of DUI, fourth offense and (2) that the trial court's sentence was excessive. The conviction was affirmed on appeal. *State v. Ralph*, 347 S.W.3d 710 (Tenn. Crim. App. 2010).

The Petitioner filed a timely pro se petition for post-conviction relief. Counsel was appointed. The petition was amended and after a hearing the trial court denied relief. This appeal followed.

*1. Evidence at Post-Conviction Hearing*

Trial counsel was the only witness at the post-conviction hearing. Counsel testified that he was the public defender for fifteen years, and that he represented the defendant at the jury trial, and had represented him on other occasions. During the jury trial he would make notes of issues for appeal. In this trial, he did not make any notations of appeal issues concerning the voir dire. He testified he did not remember any problems with the voir dire. Therefore he did not request the transcript of the voir dire. He testified that if there are no issues or problems in voir dire, then it is unnecessary to request the transcript of voir dire.

*2. Petitioner's allegation*

Petitioner alleges that trial counsel was ineffective because he did not request a transcript of the voir dire. His contention is for trial counsel to effectively raise proper issues, the transcript should have been requested. Petitioner submits "trial counsel could not have investigated every potential prejudicial situation for a motion for new trial without the voir dire transcripts which constitutes deficient performance."

*3. Post-Conviction Court's ruling*

The post-conviction court found that there was no issue shown with regard to voir dire which would necessitate a transcript; there was no allegation of any wrongdoing or anything that was not done. The court found that the failure to request the transcript of voir dire is not ipso facto sufficient grounds to warrant post-conviction relief.

**ANALYSIS**

When a petitioner claims that he received ineffective assistance of counsel, he must

demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citation omitted). To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). Further, to establish that he suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694). The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2010); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009).

Petitioner has failed to prove any deficient performance by trial counsel. Petitioner has not shown any basis for needing the transcript of the voir dire or any facts upon which the hearing court could determine a need for the transcript. Further, petitioner has not established any prejudice.

Trial counsel had a duty to request the transcript of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. T.R.A.P. 24(b). Petitioner has failed to show how trial counsel was in any way deficient in this regard, as no issues with regard to voir dire were shown.

The post-conviction court determined that the failure to request the transcript of voir dire is not ipso facto sufficient grounds to warrant post-conviction relief. On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). Petitioner failed to set forth any basis with regard to how trial counsel performed deficiently or how he suffered prejudice as a result thereof. The court concludes that the evidence does not preponderate against the finding by the trial court. Petitioner is not entitled to relief on this issue.

On appeal, Petitioner raised an issue for the first time, alleging that the trial court erred by merging the convictions for driving on a revoked license and violation of habitual traffic offender. *See State v. Green*, 947 S.W.2d 186. The trial court found that a conviction of both offenses violated double jeopardy and therefore merged the convictions. Petitioner failed to show how this would be ineffective assistance of counsel.

The State properly points out that this claim is waived because Petitioner failed to raise it at the trial level and post-conviction level. Further, the plain error rule is not applied in post-conviction proceedings to grounds that would otherwise be deemed either waived or previously determined. *Grindsaff v. State*, 297 S.W.3d 208 (Tenn. 2009). In addition, petitioner did not allege nor prove that he received ineffective assistance of counsel on this issue. Thus, we conclude that Petitioner is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.


_____
JOE H. WALKER, III, SPECIAL JUDGE

4