**STATE of Tennessee**

v.

**Quentin ARMSTRONG.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 17, 2007 Session.

Jan. 24, 2008.

Jordon D. Mathies, Nashville, Tennessee, for the Appellant, Quentin Armstrong.

Robert E. Cooper, Jr., Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Kristen Shea, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Appellant, Quentin Armstrong, appeals his Davidson County conviction of aggravated assault. Specifically, on appeal, Appellant seeks resolution of the following issues: (1) whether the evidence was sufficient to support the conviction; (2) whether comments made during closing argument by the State's attorney violated Appellant's rights to due process of law; and (3) whether the trial court improperly denied Appellant's proffered jury instruction. We affirm the judgment of the trial court because the evidence was sufficient to support the conviction, because Appellant did not object to the State's closing argument and failed to establish plain error in that regard, and because the trial court properly instructed the jury as to lesser included offenses.

### Factual Background

On October 31, 2003, Appellant was served with an ex parte order of protection by Deputy Bobby Lillard of the Davidson County Sheriff's Department. The ex parte order of protection ordered that Appellant "be restrained from committing further acts of abuse or threats of abuse against [Tanya Lewis or Ms. Lewis's minor children]," and that Appellant "be re-

strained from any contact with" Ms. Lewis. Deputy Lillard served the order at 8:46 a.m. Deputy Lillard testified he either spoke directly with Appellant in person or on the telephone and gave him information about the order of protection and a future court date. The return of service for the order of protection reflects that the order was personally read to Appellant and a copy left with him. A copy of the order of protection was also delivered to 2500 Oakwood Avenue, Nashville, Tennessee, the address listed for Appellant. The ex parte order of protection was accompanied with a notice that a hearing would be held on the ex parte order of protection on November 7, 2003.

On November 7, 2003, the order of protection was extended by the judge for one year, to November 7, 2004. The order of protection was signed by the judge. The order extending the order of protection is also accompanied by the signature of the Deputy Clerk and reflects that Deputy Lillard served the order on Appellant by "personally reading the order to [Appellant] and by leaving a copy of the order with [Appellant]" on November 10, 2003.

On December 15, 2003, Ms. Lewis, and her young daughter, who was approximately four years old, were sitting inside a juvenile courtroom in Davidson County awaiting a hearing. At the time, court was not in session, and the victim was talking on her cell phone. The child was sitting on the victim's lap. Appellant was sitting behind the victim in the courtroom. Appellant demanded that the victim get off of the telephone. She refused, and Appellant hit her with his fist on the side of her face. The blow caused the victim's head to smash against the wall and caused the victim's daughter to fall from her lap to the floor.

The incident was witnessed by Margo Cooper, an administrative assistant to the child support referee assigned to the courtroom. According to Ms. Cooper, Appellant hit the victim so hard that her head left a mark on the wall. Ms. Cooper identified Appellant at trial as the person who hit the victim. Colette Kennedy also witnessed the incident. Ms. Kennedy saw Appellant punch the victim, smashing her head against the wall.

After the victim filed a complaint, Detective Bruce Pinkerton with the Metropolitan Police Department investigated the incident. Detective Pinkerton confirmed that the order of protection was in place at the time of the incident.

In February of 2004, the Davidson County Grand Jury indicted Appellant with one count of aggravated assault and one count of child abuse. At trial, Appellant testified that he never received the order of protection. Further, Appellant claimed that he did not hit the victim but that he hit the wall behind her head. After the close of Appellant's proof, the State introduced the rebuttal testimony of Joanna Blackwell, a court reporter for Division I in Davidson County. Ms. Blackwell testified that she was the court reporter on September 30, 2004, at a hearing on an unrelated matter where Appellant testified. She read excerpts from the transcript of that hearing wherein Appellant admitted under oath that he hit the victim and "open handedly smacked her" in court on December 15, 2003.

After the jury trial, Appellant was found not guilty of child abuse and guilty of aggravated assault. The trial court sentenced Appellant to eight years as a Range II multiple offender and ordered the sentence to run consecutively to Appellant's "current sentences" in case numbers 2002–T–399 and 99–B–1107.

Appellant filed a motion for new trial. The trial court denied the motion, and

Appellant filed a timely notice of appeal. On appeal, Appellant argues that the evidence was insufficient to support the conviction, the State's attorney violated Appellant's right to due process during closing argument by commenting on the truthfulness of Appellant's trial testimony, and the trial court improperly refused to give jury instructions as requested by Appellant.

### Analysis

#### Sufficiency of the Evidence

Specifically, Appellant contends that the testimony indicated that he was never served with a protective order because it was served at his father's address and Appellant was living in Atlanta, Georgia at the time of the service of process. The State contends that the proof overwhelmingly supports Appellant's conviction for aggravated assault.

 When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn.1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn.1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn.1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn.

R.App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from reweighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn.Crim.App.1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn.Crim.App.1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn.1990).

 According to T.C.A. § 39–13–102(c):

> A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against the individual or individuals.

An assault occurs when a person "[i]ntentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." T.C.A. § 39–13–101(a)(3).

Viewing the evidence in a light most favorable to the State, the proof at trial indicated that Appellant was served with an order of protection on October 31, 2003, at 8:46 a.m. The fact that Appellant was served with a copy of the order is reflected by the return of service on the document and the testimony of the Deputy who served the order of protection on Appellant. The order was accompanied by a notice that a hearing on the order was to take place on November 7, 2003. The order was signed by the judge on November 7, 2003, and the order was extended to remain in effect for one year, until November 7, 2004. The extended order contains a certificate of the clerk that a copy was served on Appellant on November 10, 2003. The order reflects that the documents were "personally read" to Appellant and that a copy of the order was left with Appellant on that day.

In court on December 10, 2003, after the order of protection had been extended and served on Appellant, several witnesses testified that they saw Appellant hit the victim so hard that her head smashed into the wall. Appellant, on the other hand testified that he never received the order of protection and that he was living in Atlanta at the time it was allegedly served on him. Further, Appellant stated that he did not hit the victim, but hit the wall behind the victim's head. Although Appellant's version of the events at trial differed from both his testimony at an earlier hearing and the State's testimony, the verdict reflects that the jury accepted the testimony of the State's witnesses. Again, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *Pruett,* 788 S.W.2d at 561. Moreover, we note that according to T.C.A. § 36–3–609, if the respondent to a petition for an order of protection has been served with a copy of the petition, notice of hearing, and any ex parte order issued pursuant to § 36–3–605(c), an order of protection "shall be effective when the order is entered." For purposes of T.C.A. § 36–3–609, an order of protection "shall be considered entered when such order is signed by: (1) The judge and all parties or counsel; (2) The judge and one party or counsel and contains a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel; or (3) The judge and contains a certificate of the clerk that a copy has been served on all other parties or counsel." In the case herein, Appellant was served with a copy of the petition and notice of the hearing on October 31, 2003. Appellant was also served with the extended ex parte order on November 10, 2003. Thus, according to T.C.A. § 36–3–609(3), the order of protection at issue herein was "entered" and, therefore, became effective on November 7, 2003. The record supports the verdict of the jury. Appellant is not entitled to relief on this issue.

### *Closing Argument*

Next, Appellant claims that the "prosecution's closing argument comments of personal opinion and instructions to the jury on the truthfulness of [Appellant's] trial testimony violated [Appellant's] right to due process . . . ." Specifically, Appellant claims that it was "plain error" for the State's attorney to imply that Appellant's evidence was not "worthy of belief," that the State's attorney improperly stated personal beliefs, and that the State's attorney "repeatedly stated improper opinion as to the truth." The State contends that because Appellant did not object to the closing argument, the issue is waived on appeal. In the alternative, the State postulates that the closing argument and re-

buttal argument by the State "contained nothing even to suggest improper references or intemperance."

In general, the scope of closing argument is subject to the trial court's discretion. Counsel for both the prosecution and the defense should be permitted wide latitude in arguing their cases to the jury. *State v. Cauthern,* 967 S.W.2d 726, 737 (Tenn.1998). However, argument must be temperate, "predicated on evidence introduced during the trial," and relevant to the issues being tried. *State v. Keen,* 926 S.W.2d 727, 736 (Tenn.1994). Thus, the State must not engage in argument designed to inflame the jurors and should restrict its comments to matters properly in evidence at trial. *State v. Hall,* 976 S.W.2d 121, 158 (Tenn.1998).

That being said, typically when a prosecutor's statement was not the subject of a contemporaneous objection, the issue is waived. Tenn. R. Crim. P. 33 and Tenn. R. App. P. 36(a); *see also State v. Thornton,* 10 S.W.3d 229, 234 (Tenn.Crim. App.1999); *State v. Green,* 947 S.W.2d 186, 188 (Tenn.Crim.App.1997); *State v. Little,* 854 S.W.2d 643, 651 (Tenn.Crim.App.1992). Appellant did not object to the statements at trial. Thus, if this Court is to review the claims of prosecutorial misconduct we must do so through the process of "plain error" review embodied in Tenn. R.Crim. P. 52(b) which provides:

An error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice.[ ¹]

This Court has, in its discretion, from time to time reviewed allegations of prosecutorial misconduct as "plain error" even in the absence of a contemporaneous objection. *See, e.g., State v. Marshall,* 870 S.W.2d 532 (Tenn.Crim.App.1993), *overruled on other grounds by State v. Carter,* 988 S.W.2d 145 (Tenn.1999) (determining in absence of objection that prosecutor's jury argument was not plain error); *State v. Butler,* 795 S.W.2d 680 (Tenn.Crim.App. 1990) (considering whether statements of prosecutor were plain error despite lack of objection by defendant); *Anglin v. State,* 553 S.W.2d 616 (Tenn.Crim.App.1977) (determining that in order to justify reversal on the basis of improper argument and remarks of counsel in absence of objection, it must affirmatively appear that the improper conduct affected the verdict to the prejudice of the defendant). However, appellate courts are advised to use it sparingly in recognizing errors that have not been raised by the parties or have been waived due to a procedural default. *Id.; see State v. Bledsoe,* 226 S.W.3d 349, 354 (Tenn. 2007).

In exercising our discretion as to whether plain error review under Tenn. R.Crim. P. 52(b) is appropriate, the Tennessee Supreme Court has directed that we examine five factors: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice. *State v. Smith,* 24 S.W.3d 274, 282–83 (Tenn.2000) (citing *State v. Adkisson,* 899

---

**1.** This rule by its terms allows plain error review only where there is a failure to allege error in the new trial motion or where the error is not raised before the appellate court. Nevertheless the rule has been interpreted by the appellate courts to allow appellate review under some circumstances in the absence of a contemporaneous objection as well.

S.W.2d 626, 641 (Tenn.Crim.App.1994)). All five (5) factors must be present for plain error review. *Smith,* 24 S.W.3d at 283.

■ For a "substantial right" of the accused to have been affected, the error must have prejudiced the appellant. In other words, it must have affected the outcome of the trial court proceedings. *United States v. Olano,* 507 U.S. 725, 732–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (analyzing the substantially similar Fed. R.Crim.P. 52(b)); *Adkisson,* 899 S.W.2d at 642. This is the same type of inquiry as the harmless error analysis under Tenn. R.App. P. 36(b), but the appellant bears the burden of persuasion with respect to plain error claims. *Olano,* 507 U.S. at 732–37, 113 S.Ct. 1770.

In the case herein, we are not persuaded that Appellant has successfully carried his burden of persuasion in establishing a plain error claim. First, the record is clear as to what happened in the trial court. During the rebuttal argument by the State's attorney, several comments were made about the veracity of Appellant's testimony. For example, at one point the State's attorney told the jury the following:

> The only way you can believe anything that that man [Appellant] says is if you believe everybody is lying except him. He didn't have to present his side of the story. He didn't have to testify and he didn't have to present any proof but he chose to and this is what he wants you to believe. He wants you to believe that Ms. Kennedy, Ms. Cooper, Deputy Lillard, the victim, Ms. Lewis, me, Ms. Blackwell, we are all lying. That tape must have been made up because it wasn't him that said those things.

The second factor is that a clear and unequivocal rule of law must have been breached. In this case, the rule of law that is alleged to have been breached is that of prosecutorial misconduct. A prosecutor's argument must be temperate. The third factor is that a substantial right of the defendant must have been adversely affected. As we discussed previously, for a substantial right of the accused to have been affected, it must have affected the outcome of the trial court proceedings. This is essentially the same requirement as that required to find prosecutorial misconduct. *See State v. Goltz,* 111 S.W.3d 1, 5 (Tenn.Crim.App.2003). Because of the overwhelming evidence of Appellant's guilt, we conclude that the prosecutor's statements did not affect the outcome of the trial, so there also has not been a substantial right of the accused that has been adversely affected. The fourth factor is whether the defendant waived the issue for tactical reasons. Appellant does not offer any insight into this factor. The fifth factor is that consideration of the error is necessary to do substantial justice. We find that Appellant has not shown the existence of all five of the factors necessary to review this issue under plain error. Accordingly, review of this issue under plain error is not necessary to do substantial justice.

*Jury Instructions*

■ Finally, Appellant complains that the trial court erred by refusing to instruct the jury with a jury instruction that set forth the lesser included offense analysis in *State v. Burns,* 6 S.W.3d 453 (Tenn. 1999). Specifically, Appellant argues that the "proposed jury instruction specifically addressed the issues of gravity of harm and the presence of an objectively determinable lesser mental state, with a possibility of finding a lesser included charge as a justifiable and legal alternative to the crime charged" and that the trial court's decision not to include the proposed

charge was "plain error." The State contends that it "cannot decipher [Appellant's] cryptic statement," but that the trial court properly instructed the jury on all applicable lesser included offenses.

Appellant requested, in writing prior to trial, that the trial court charge the jury with the following "Jury Instruction No. 1, Lesser Included Offenses":

An offense is a lesser-included offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1) a different mental state indicating a lesser kind of culpability; and/or

(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

(1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

*State v. Burns,* 6 S.W.3d 453 (Tenn. 1999).

Appellant contends that it was error for the trial court to refuse to give the jury this proposed jury instruction.

Our review of a trial court's charge to the jury regarding lesser included offenses is de novo with no presumption of correctness. *State v. Moore,* 77 S.W.3d 132, 134 (Tenn.2002). In *State v. Burns,* 6 S.W.3d 453 (Tenn.1999), the supreme court established the test as set forth by Appellant as a test for trial courts to use in determining whether an offense is a lesser included offense of another. *See id.* at 466–67. An instruction on a lesser included offense must be given if the trial court, viewing the evidence most favorably to the existence of the lesser included offense, concludes (a) that "evidence exists that reasonable minds could accept as to the lesser included offense," and (b) that the evidence "is legally sufficient to support a conviction for the lesser included offense." *Id.* at 469. "If a lesser offense is not included in the offense charged, then an instruction should not be given, regardless of whether the evidence supports it." *Id.* at 467. The failure to instruct the jury on lesser included offenses requires a reversal for a new trial unless a reviewing court determines that the error was harmless beyond a reasonable doubt. *State v. Ely,* 48 S.W.3d 710, 727 (Tenn.2001). In making this determination, the reviewing court must "conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." *State v. Allen,* 69 S.W.3d 181, 191 (Tenn.2002).

We, like the State, are perplexed as to the nature of Appellant's argument on appeal. First of all, we note that Tennessee law does not mandate that any particular jury instructions be given so long as the trial court gives a complete charge on the applicable law. *State v. West,* 844 S.W.2d 144, 151 (Tenn.1992). While the trial court did not instruct the jury with the instruction that Appellant proposed, the trial court instructed the jury regarding reckless endangerment, assault and attempted assault as lesser included offenses of aggravated assault. Furthermore, the trial court instructed the

jury that they "must first deliberate on the greater offense as to each count and reach a verdict as to the greater offense before you move to the next lesser included offense within that particular count." The instruction that Appellant proposed is not really an instruction on lesser included offenses at all, rather, it is a quotation from *Burns* that enumerates the test that is to be used to determine whether as a matter of law an offense is a lesser included offense of another offense. Appellant has not alleged that the trial court improperly omitted an offense as a lesser included offense of aggravated assault or instructed the jury with an improper lesser included offense. He merely complains that the trial court did not tell the jury how to determine if an offense is a lesser included offense of another offense or determination that is entrusted to the trial court. Moreover, at the hearing on the motions in limine, the trial court informed counsel for Appellant that the court was "required to give all the lesser included offenses, some of which are not germaine [sic] to the trial that we try, but we give them anyway. So we will give the lesser included offenses." We determine that the trial court herein properly instructed the jury on lesser included offenses, and there was no duty to instruct on the quotation from *Burns*. Appellant is not entitled to relief on this issue.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.