**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 16, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00929-CV

---

### IN RE ROCE M. LOPEZ, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-50621**

---

## MEMORANDUM OPINION

On October 8, 2012, relator Roce M. Lopez filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Patricia Kerrigan, presiding judge of the 190th District Court of Harris County, to correct or reform a partial summary judgment signed April 13, 2011, in favor of relator's former employer, La Madeleine of Texas Inc. [La Madeleine], who was named as one of the defendants below.

La Madeleine filed a traditional and no-evidence motion for summary judgment on all of relator's workplace discrimination and related claims against it, which were brought under the Texas Commission on Human Rights Act (TCHRA). *See* Tex. Lab. Code §§ 21.001—.556; *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 808-09 (Tex. 2010) (holding that statutory regime under the TCHRA comprehensively addresses employer-employee relations and precludes recovery for common law torts based on same conduct). The trial court granted the motion as to all of relator's claims against La Madeleine.

In a single issue, relator complains that the 2011 partial summary judgment is improper with respect to its respondeat superior theory of La Madeleine's liability for an alleged assault at the workplace. Relator also asserts that the trial court's order improperly "dismissed with prejudice" relator's claims against La Madeleine. *See Martinez v. S. Pac. Transp. Co.,* 951 S.W.2d 824, 830 (Tex. App.—San Antonio 1997, no writ) (affirming summary judgment as modified to delete dismissal language); *see also P & S Corp. v. Park,* No. 14-05-00115-CV, 2006 WL 1168804, *4 (Tex. App.—Houston [14th Dist.] May 4, 2006, no pet) (mem. op.) (same). Relator seeks to have the partial summary judgment modified to reinstate La Madeleine as a defendant in the underlying case as to her assault claim, under the doctrine of respondeat superior, and to delete the language dismissing her other claims against La Madeleine with prejudice.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.* The adequacy of an appeal depends on the facts involved in each case. *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 469 (Tex. 2008).

A party seeking an extraordinary writ of mandamus has the burden to demonstrate that that the remedy available through an ordinary appeal is inadequate. *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding). Based upon the record before this court, it appears that relator has an adequate remedy by appeal from the final judgment, which will incorporate the partial summary judgment. *See* Tex. Civ. Prac. & Rem. Code § 51.012 (providing for appeals from final judgments); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (reciting general rule that absent statutory exception, appeals may be taken only from final judgments). An appellate remedy is not inadequate merely because it may involve more expense or delay, but extraordinary relief may be warranted when the trial court's order subjects taxpayers, defendants, and the state's district courts to meaningless proceedings or trials. *See In re Team Rocket, L.P.,* 256 S.W.3d 247, 262 (Tex. 2008) (finding appellate remedy inadequate where integrity of venue statute would be compromised in an irreversible waste of resources).

Relator has not established that a remedy by appeal is inadequate in this case. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.