IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2015

**STATE OF TENNESSEE v. DONALD BIGGS, ALIAS**

**Appeal from the Criminal Court for Knox County**
**Nos. 102471, 102551, 102552, 102553, 102554, 102792     Steven W. Sword, Judge**

_____

**No. E2014-01650-CCA-R3-CD –Filed September 30, 2015**
_____

The Defendant, Donald Biggs, alias, appeals as of right from his guilty-pleaded convictions for four counts of aggravated robbery, two counts of theft by shoplifting, and one count of attempted aggravated robbery. See Tenn. Code Ann. §§ 39-12-101, -13-402, -14-103, -14-105, -14-146. Following a sentencing hearing, the trial court sentenced the Defendant to twenty-two years each on two aggravated robbery convictions. The trial court ordered that the Defendant serve these two sentences consecutively. The Defendant's remaining sentences were ordered to be served concurrently, resulting in a total effective sentence of forty-four years. The sole issue presented for our review is whether the trial court erred when it imposed partial consecutive sentences. Following our review, we conclude that the trial court abused its discretion when it imposed partial consecutive sentences, and the judgments of the trial court are, therefore, reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. THOMAS T. WOODALL, P.J., filed a separate dissenting opinion.

Rachel Leanne Wolf, Knoxville, Tennessee, for the appellant, Donald Biggs, alias.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Randall E. Nichols, District Attorney General; and Ta Kisha M. Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

The Defendant's convictions arose from a string of robberies and thefts that occurred in Knox County in September 2013. The factual bases underlying these

convictions were presented over the course of three guilty plea submission hearings, as detailed below.

## I. *April 21, 2014 Guilty Plea Submission Hearing*

On April 21, 2014, the Defendant pled guilty to two counts of aggravated robbery in case number 102471. The trial court reserved sentencing pending the resolution of the Defendant's remaining cases. The State provided the following factual accounts underlying the offenses.

On September 11, 2013, the Defendant entered Confectionista's Kitchen on Chapman Highway, where Emily Herndon was working. The Defendant approached the counter and ordered a cookie. As Ms. Herndon was "ringing him up," the Defendant pulled out what Ms. Herndon believed to be a gun and demanded money. Ms. Herndon gave the Defendant money, and he fled the scene. Ms. Herndon called 911 and was able to provide a description of the Defendant to the police.

On September 12, 2013, Amanda Lauderdale was working at Lee's Market when the Defendant entered the store. The Defendant purchased a pack of gum with a $20 bill. After Ms. Lauderdale gave the Defendant his change, the Defendant told Ms. Lauderdale that she "shorted [him] $10." Believing him, Ms. Lauderdale re-opened the cash drawer and gave the Defendant $10. Later that day, Ms. Lauderdale realized that she had not in fact shorted the Defendant money but that he had tricked her into giving him an additional $10.

Shortly thereafter, the Defendant returned to Lee's Market where he again purchased a small item. After receiving his change, he again stated that Ms. Lauderdale had shorted him, but this time Ms. Lauderdale asserted that she had given him the appropriate amount of change, and he left the store.

The Defendant returned to Lee's Market for a third time later that day. The Defendant placed an item for purchase on the counter, and when Ms. Lauderdale opened the cash drawer, the Defendant pulled out a weapon, which she believed to be a gun, pointed it at her, and demanded money. The Defendant took the money and left the store. Ms. Lauderdale called 911 and was able to provide a description of the Defendant to the police.

## II. May 14, 2014 Guilty Plea Submission Hearing

On May 14, 2014, the Defendant pled guilty to aggravated robbery in case number 102554. In support of that charge, the State asserted that on September 13, 2013, the Defendant entered Spring Hill Market, where he placed a pack of gum on the counter for purchase. At that point, the Defendant pulled out a gun, pointed it at the cashier, Ciara Mitchell, and demanded money. After taking approximately $100, he fled. Ms. Mitchell was able to look out the store's window and get the Defendant's license plate number, which she provided to the police.

## III. June 23, 2014 Guilty Plea Submission Hearing

The trial court convened again on June 23, 2014, and the Defendant entered guilty pleas in his remaining four cases. In case number 102792, the Defendant pled guilty to misdemeanor theft. The State gave the following factual account for the offense: The Defendant entered a Wal-Mart garden center on May 15, 2013, loaded several bags of potting soil onto his truck, and drove away without paying. The items were valued at $428.

In case number 102551, the Defendant pled guilty to misdemeanor theft. Pursuant to that charge, the State alleged that the Defendant entered an Exxon gas station on September 10, 2013, waited for an employee to step away from the counter, opened the cash register, and stole $225 directly from the cash drawer.

The Defendant also pled guilty to attempted aggravated robbery in case number 102553 for events that took place on September 14, 2013. On that date, the Defendant entered a "Marathon Favorite Market" and took two pieces of candy to the counter for purchase. When the cashier opened the cash register to complete the sale, the Defendant reached across the counter and attempted to take money from the drawer. The cashier closed the drawer on the Defendant's hand, and the Defendant then pulled out what the cashier described as a handgun. The cashier grabbed for the handgun, a brief struggle ensued, and the handle of the gun broke apart. The Defendant immediately fled the scene. The "handgun" was recovered and was determined to be a plastic toy gun, which the Defendant had also used in each of the previous robberies.

Finally, in case number 102552, the Defendant pled guilty to aggravated robbery. On September 14, 2013, the Defendant entered a Subway restaurant and ordered a cookie. When the cashier opened the cash register to complete the sale, the Defendant

reached over the counter and attempted to take money from the cash drawer, while simultaneously using his other hand to pull a handgun[1] from his waistband. The cashier closed the drawer on the Defendant's hand, and the Defendant told the cashier "to give him the money or he would f--king kill [him]." The Defendant took $80 from the drawer and fled the business.

### IV. June 30, 2014 Sentencing Hearing

After classifying the Defendant as a Range III, persistent offender, see Tennessee Code Annotated section 40-35-107, the trial court sentenced the Defendant to twenty-two years in case number 102471, to be served at eighty-five percent. In case number 102552, the trial court sentenced the Defendant to an additional twenty-two years and ordered that sentence be served consecutively to the sentence in case number 102471. The trial court ordered the Defendant's remaining sentences be served concurrently to case number 102471, resulting in a total effective sentence of forty-four years to be served at eighty-five percent.

Before imposing these partial consecutive sentences, the trial court found that the Defendant was an offender who had an extensive criminal history and that the Defendant was on probation when he committed these new offenses. The presentence report reflected that the Defendant had previous convictions for evading arrest, forgery, speeding, and reckless driving, as well as multiple convictions for theft of property, casual exchange, and possession of marijuana and cocaine. Also, the Defendant admitted that he was on probation for a misdemeanor offense at the time he committed these new offenses. The trial court noted that, considering the "overriding principle of finding a sentence that is justly deserved and . . . that fits the offense," it would be inappropriate to order the Defendant's sentences consecutively on all convictions. However, the court did find that ordering two of the aggravated robbery sentences to be served consecutively resulted in "a fair and just sentence in this case." It is from this decision that the Defendant now timely appeals.

### ANALYSIS

On appeal, the Defendant contends that the trial court erred by ordering that his sentence in case number 102552 run consecutively to his sentence in case number 102471 because his "criminal history does not rise to the level necessary" to qualify for

---

[1] The Defendant had apparently purchased another plastic gun after the first broke during the Marathon robbery.

consecutive sentencing, his "status on probation does not rise to the level necessary" to qualify him for consecutive sentencing, and "[c]onsecutive [s]entencing results in a sentence length greater than that deserved for the offense committed." The State responds that the trial court correctly determined that the Defendant met two criteria for consecutive sentencing pursuant to Tennessee Code Annotated section 40-35-115(b), that the trial court properly considered the total length of the sentences weighed with the severity of the underlying offenses, and, therefore, that the trial court did not abuse its discretion in imposing partial consecutive sentences.

Our supreme court has held that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations" "if [the trial court] has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)[.]" State v. Pollard, 432 S.W.3d 851, 860-61 (Tenn. 2013). Thus, the imposition of consecutive sentencing is subject to the general sentencing principle that the overall sentence imposed "should be no greater than that deserved for the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed[.]" Tenn. Code Ann. § 40-35-103 (2), (4). Further, "[s]o long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." Id. at 862. (citing Tenn. R. Crim. P. 32(c)(1) ("The order [for consecutive sentences] shall specify the reasons for this decision and is reviewable on appeal.")); see also State v. Bise, 380 S.W.3d 682, 705 (Tenn. 2012).

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

-5-

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of the defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent to the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Because these criteria are stated in the alternative, only one need exist to support the imposition of consecutive sentencing.

Here, the trial court imposed partial consecutive sentences after finding that the Defendant was an offender whose record of criminal activity was extensive.[2] The trial court expressly articulated the reasons underlying this determination, including that the Defendant had a "very long criminal history going back into the [1980's]" and that the Defendant had previously been on probation and parole and had been in and out of prison. Although we agree that the Defendant was eligible for consecutive sentencing, we nevertheless conclude that the trial court abused its discretion when it ordered partial consecutive sentencing that resulted in a total effective sentence of forty-four years. Considering the circumstances of the offenses—that the robberies were committed with a toy gun, no one was injured, and two of the victims knew the gun was plastic—and also considering the Defendant's age of forty-nine and complete lack of previous violent offenses, we conclude that the trial court erred by imposing partial consecutive sentences. Although the trial court considered the applicable principles before sentencing the Defendant, we conclude that he violated those principles in two respects: (1) a sentence of forty-four years to be served at eighty-five percent is in effect a sentence of life imprisonment and is not "justly deserved in relation to the seriousness of the offense," see Tenn. Code Ann. § 40-35-102; and (2) a total effective sentence of forty-four years is not the "least severe measure necessary to achieve the purposes for which the sentence is

---

[2] Additionally, the Defendant was on probation when he committed when he committed these offenses.

imposed," <u>see</u> Tenn. Code Ann. § 40-35-103.  It appears from the record that the Defendant was already serving a twelve-year sentence at the time of sentencing for these convictions.  Imposition of a sentence that will confine the Defendant until age seventy will certainly protect the public from the Defendant and serve to appropriately punish him for his crimes.

CONCLUSION

Based on the foregoing and the record as a whole, the trial court's imposition of partial consecutive sentences is reversed, and this case is remanded for the entry of judgment forms reflecting that the Defendant's sentences are to be served concurrently.

_____
D. KELLY THOMAS, JR., JUDGE