IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2017 Session

## STATE OF TENNESSEE v. JONATHAN DAVID PATTERSON

**Appeal from the Criminal Court for Putnam County
Nos. 2015-CR-730, 2015-CR-731, 2015-CR-672, 2015-CR-821 David A. Patterson,
Judge**

_____

### No. M2016-01716-CCA-R3-CD

_____

This is a matter that involves cross appeals. Defendant, Jonathan David Patterson, entered an open guilty plea to multiple offenses in four separate cases. After a sentencing hearing, the trial court sentenced Defendant to an effective sentence of thirty-one years. Defendant filed a notice of appeal. Subsequently, Defendant also filed a motion for reduction of his sentence under Tennessee Rule of Criminal Procedure 35. The trial court granted the motion, reducing Defendant's effective sentence to eighteen years. The State appealed the reduction of Defendant's sentence. The appeals were consolidated by this Court. After a review, we determine that the trial court abused its discretion in granting relief under Tennessee Rule of Criminal Procedure 35 because Defendant did not present post-sentencing information or developments that warranted an alteration in the interest of justice. Accordingly, the judgments of the trial court as to the Rule 35 motion are reversed and remanded. Additionally, we determine that the trial court did not abuse its discretion in its original sentencing decision imposing an effective thirty-one-year sentence and that Defendant failed to show he was entitled to plain error relief as a result of an alleged breach of the plea agreement by the State. On remand, the trial court should reinstate the original judgments and sentences. The trial court shall also enter a judgment form for Count Thirty-seven of case number 2015-CR-731.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed
in Part, Affirmed in Part, and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. JAMES CURWOOD WITT, JR., J., filed a separate concurring opinion.

Seth Crabtree, Cookeville, Tennessee, for the appellant, Jonathan David Patterson.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

Defendant was indicted for various offenses in four separate case numbers. Specifically, in August of 2015, the Putnam County Grand Jury indicted Defendant in case number 2015-CR-730 with one count of auto burglary and one count of theft of property valued under $500. In case number 2015-CR-731, Defendant was indicted with nineteen counts of auto burglary, eleven counts of theft of property valued under $500, two counts of theft of property valued over $500, one count of theft of property valued at $1000 or more, one count of theft of property valued at $10,000 or more, one count of vandalism under $500, one count of burglary, and one count of possession of a firearm by a convicted felon.[1] In October of 2015, Defendant was indicted by the Putnam County Grand Jury with one count of theft of property valued over $10,000 in case number 2015-CR-672. Defendant was also indicted in October of 2015 by the Putnam County Grand Jury with one count of auto burglary and one count of theft of property valued over $500 in case number 2015-CR-821.

At a guilty plea hearing, trial counsel informed the trial court that Defendant was entering an "open" plea to various counts of the four separate indictments but that there was "no agreement" and "no parameters" to the length or the manner of service of the sentence. Counsel for the State explained that the indictments arose after Defendant engaged in several days of "car hopping." The factual basis for the guilty pleas was described by the State as follows:

> The case ending in 672 is theft over ten thousand dollars. The vehicle belonging to Mr. Naser Altheferri was stolen by [Defendant] on July the 24th of 2015.
>
> The case ending in 730, on July the 25th the vehicle of Mr. Huddleston was burglarized.
>
> Case 731, auto burglary, Frank Davis on July 17th, 2015.

---

[1] We have been unable to ascertain the disposition of Count Thirty-seven of case number 2015-CR-731 for the charge of possession of a firearm by a convicted felon. On remand, the trial court should enter a judgment reflecting the disposition of this count of the indictment.

All of these are July 17th.

Count three, Rachel Martin; count five, Ben Henry; count seven, Robert Lollar; count nine, Mike Witt; count eleven is a burglary of Arena Finance; count fourteen is an auto burglary of Jason and Elizabeth Burchett's vehicle; count sixteen is a theft over ten thousand dollars, the vehicle of Melissa Hunter; count twenty is a theft of some golf clubs and a rain suit of Paul Moe over a thousand; auto burglary count twenty one, Reba Barr; twenty two is Joey Bailey; twenty four is Bryan Stamp; twenty seven is Joyce Glover; twenty nine is Kenny Palk; thirty one is a misdemeanor theft for Ms. Agular; thirty two is auto burglary of a Mr. Campo; thirty three a Mr. Williams; thirty five a Mr. Brown; and thirty six a Mr. Thornberry.

Case 821, the last one, is an auto burglary having occurred on July the 26th of 2015 of a Ms. Christy Ramer.

Obviously the police investigated this and the proof is going to be the defendant was caught with some of this property. He admitted most, but not all of it. Gave statements implicating himself, showed the police where a lot of these places were, vehicles were that he had broken into. All of them occurred in Putnam County.

Defendant agreed with the factual basis for the guilty pleas. According to the transcript of the guilty plea hearing and the judgment forms,[2] the trial court accepted guilty pleas to auto burglary in the following counts of case number 2015-CR-731: One, Three, Five, Seven, Nine, Fourteen, Twenty-one, Twenty-two, Twenty-four, Twenty-seven, Twenty-nine, Thirty-two, Thirty-three, Thirty-five, and Thirty-six. Defendant also pled guilty to burglary in Count Eleven, theft of property valued over $10,000 in Count Sixteen, and theft of property valued over $1000 in Count Twenty. The remaining counts were dismissed. In case number 2015-CR-672, Defendant pled guilty to one count of theft of property valued over $10,000. In case number 2015-CR-730, Defendant pled guilty to auto burglary in Count One, and the charge of theft of property valued under $500 in Count Two was dismissed. The State entered an order of nolle prosequi for

---

[2] In addition to the sheer multitude of counts involved, when this Court first received the record, it appeared that the same was not complete. This Court ordered supplementation of the record to include the indictments and judgments related to all counts, whether dismissed or pled guilty to by Defendant. The trial court supplemented the record with nearly all of the missing judgments and indictments. As noted above, the record did not contain a judgment form for Count Thirty-seven of case number 2015-CR-731.

Counts One and Two in case number 2015-CR-821 "based upon the guilty plea." The trial court accepted the pleas.

At a sentencing hearing, the State introduced certified copies of Defendant's nine prior felony convictions as well as the presentence report, which listed Defendant's age as thirty-four. Defendant chose to allocute, first apologizing to the victims and his own family. He did not make excuses for his actions, instead admitting that he "was on drugs, [and] made some very irresponsible decisions, which [he] deeply regret[s]." Defendant admitted that he could not change the past but stated that he was there to "apologize, accept responsibility for [his] actions, repay [his] debt to society, and make sure this never happens again." Defendant's sister, April Crossman, testified at the hearing. She explained that Defendant had "made bad decisions" but that he "would never hurt anyone." She asked the trial court for "leniency so that [Defendant] can make a change and move forward."

After hearing the proof, the trial court asked the State about the "bottom line, what the [S]tate [wa]s looking for" as far as the length of sentence. Counsel for the State argued that several enhancement factors applied because Defendant had a history of failure to comply with conditions involving release into the community. To support his argument, counsel for the State pointed out a parole violation and a revocation of probation on Defendant's presentence report. Additionally, counsel for the State noted that the criteria for the imposition of consecutive sentences was met because Defendant "ha[d] a record of criminal activity that's extensive." However, the State admitted that Defendant willingly pled guilty, admitted to the police that he was involved, and helped police solve several of the burglaries. The State was unwilling to "recommend a specific number to the court" because Defendant's "record is so bad and the number of felonies he's committed here are so numerous for the court to sentence on, . . . [Defendant] would [not] have pled to the number that I would have had in mind." Counsel for the State left it to the trial court's discretion to sentence Defendant to anywhere from twelve to sixty years.

Trial counsel argued that while he had numerous prior convictions, there were "no violent crimes" and that none of the victims had submitted victim impact statements. Counsel for Defendant stressed the following mitigating factors: (1) Defendant never threatened or caused any serious bodily injury; (2) Defendant assisted the authorities; and (3) Defendant expressed remorse about his actions.

The trial court sentenced Defendant to six years for each of the seventeen auto burglaries, to be served as a career offender at 60%. The trial court sentenced Defendant as a persistent offender to thirteen years at 45% on each of the two convictions for theft of property over $10,000. Defendant was sentenced to twelve years for burglary. The trial court enhanced the sentence on the basis of Defendant's prior criminal convictions

and past failure at rehabilitation but took into consideration Defendant's remorse, the fact that Defendant's behavior neither caused nor threatened serious bodily injury, and the assistance he provided to authorities in mitigation.

The trial court deemed consecutive sentencing "appropriate" because Defendant had an extensive number of prior criminal convictions, including ten class E felonies, one Class C felony, and multiple misdemeanor convictions. As a result, the trial court ordered the two thirteen-year sentences for theft of property over $10,000 to run concurrently with each other but consecutively to the twelve-year burglary sentence. The trial court ordered the seventeen six-year sentences for auto burglary to run concurrently to each other but consecutively to the remaining sentences, for a total effective sentence of thirty-one years. Judgment forms were entered on July 25, 2016.

Defendant filed a notice of appeal on August 18, 2016. Nearly two months later, on October 12, Defendant filed a motion to reduce his sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. In the motion, Defendant argued that his sentence was "excessive in light of the facts present." He asked the trial court to modify the sentence so that the sentences would run "concurrently with one another, and any other relief the Court deems appropriate." The State responded to the motion, arguing that the motion should be denied without a hearing because Defendant had done nothing to show "post-sentencing information or developments" that would cause the trial court to modify the sentence.

The trial court held a hearing on the motion. Defendant did not present any additional proof at the hearing. The trial court commented that "Rule 35 gives the sentencing court the authority and responsibility to reconsider a prior ruling and to modify the ruling if the court believes that the modification is just and proper." The trial court stated:

> The length of sentence that [Defendant] is presently to serve is 16.65 years. That's the effective sentence. A thirty[-]one year sentence, sixty percent, sixty percent and forty[-]five percent, as I said. When we add those together, it's 16.65. The court believes that that is excessive. And the court is going to change its ruling and its judgment to show that the [D]efendant will receive an eighteen year sentence and those will be at sixty percent. And how the court is going to come to that decision is to run the D felony, which is the burglary, concurrent with the C felonies. The two C felonies are running concurrently with each other and the D felony will run concurrent with it. The seventeen auto burglaries, which are the six year sentences at sixty percent will run consecutively then. So we have a sixty percent sentence with all of them and what we have then is an effective twelve year sentence at sixty percent. Because the thirteen year sentence at

forty five is swallowed up by the twelve year sentence at sixty and then the auto burglaries a six year sentence is again a sixty percent sentence and so we have an eighteen year sentence, all of those years to be run at sixty percent for an effective 10.8 prior to release eligibility. That is a reduction of almost six years, 5.85 years, reduction of thirteen years from the thirty one, but effectively a reduction of almost six years, . . . .

As a result, the trial court entered an order granting relief under Rule 35, modifying the total effective sentence from thirty-one years to eighteen years. Amended judgment forms were entered. The State appealed. This Court consolidated the appeals.

*Analysis*

On appeal, the State insists that the trial court improperly granted relief under Rule 35 of the Rules of Criminal Procedure by reducing Defendant's effective sentence. Specifically, the State argues that Rule 35 allows modification of sentences only where alteration is in the interest of justice and a defendant shows some unforeseen, post-sentencing change in circumstances that would require modification of the sentence. Moreover, the State argues that the trial court properly sentenced Defendant to an effective sentence of thirty-one years at the first sentencing hearing. Defendant disagrees. His first complaint is about the overall length of his sentence prior to the trial court's reduction of the sentence under Rule 35. He also complains that the State promised not to suggest a sentence then violated the plea agreement by commenting on the length of sentence at the sentencing hearing.

*I. Rule 35*

Rule 35 is straight forward and easily understood. "The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). However, "[t]he court may reduce a sentence only to one the court could have originally imposed." Tenn. R. Crim. P. 35(b). The trial court may deny Rule 35 relief without conducting a hearing. Tenn. R. Crim. P. 35(c). The right to appeal the trial court's grant or denial of Rule 35 relief is promulgated in the rule itself. Tenn. R. Crim. P. 35(d) ("The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law.").

The standard of review in a Rule 35 appeal is whether the trial court abused its discretion when acting upon the motion. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). The trial court abuses its discretion "only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or

unreasonable and causes an injustice to the party complaining." *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006). "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.; *see also State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991). Thus, Rule 35 relief is generally inapt when the defendant has "failed to show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994); *see State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006) (stating in dicta that the Rule 35 standard of review is "whether post-sentencing information or developments have arisen that warrant an alteration in the interest of justice").

Defendant relies on the following language from the Massachusetts Supreme Judicial Court, which our supreme court cited with approval in *Hodges*, to support his argument that the trial court properly granted relief under Rule 35:

> Occasions inevitably will occur when a conscientious judge, after reflection or upon receipt of new probationary reports or other information, will feel that he has been too harsh or has failed to give weight to mitigating factors which properly should have been taken into account. In such cases the interest of justice and sound judicial administration will be served by permitting the trial judge to reduce the sentence within a reasonable time.

*Hodges*, 815 S.W.2d at 154 (quoting *District Attorney v. Superior Court*, 172 N.E.2d 245, 250-251 (Mass. 1961)). Defendant also argues that the standard set forth in *McDonald*, requiring a defendant to show "post-sentencing information or developments" does not apply to his situation—a case where there was no agreement as to sentence or recommendation to the trial court as to the sentence. *See McDonald*, 893 S.W.2d at 948. We disagree.

We have been unable to find any case since *McDonald* reviewing a trial court's grant or denial of relief under Rule 35 that dispense with requiring a defendant to show "post-sentencing information or developments" in order to obtain the requested relief in the form of a reduced sentence. To the contrary, there are many cases interpreting Rule 35, including both cases of negotiated plea agreements and open plea agreements, all requiring a defendant to show a post-sentencing change in circumstances that would justify the reduction or modification of a sentence per the standard set forth in *McDonald*. *See, e.g.*, *State v. Jamie Paul Click*, No. E2015-01769-CCA-R3-CD, 2017 WL 1189750, at *23 (Tenn. Crim. App. Mar. 30, 2017) (finding no abuse of discretion where trial court refused to reduce defendant's sentence after jury trial and subsequent sentencing hearing where defendant merely attempted to relitigate sentencing issues and failed to show

evidence of a change in circumstance warranting a reduction of his sentence), *no perm. app. filed*; *State v. Misty Ann Miller*, No. M2016-01165-CCA-R3-CD, 2017 WL 478267, at *3 (Tenn. Crim. App. Feb. 6, 2017) (finding defendant's numerous mental and physical conditions, which were known at the time of entry of the negotiated plea, failed to constitute a change in circumstances warranting modification of an agreed-upon sentence), *perm. app. denied* (Tenn. May 18, 2017); *State v. Randall Evans*, No. E2015-01815-CCA-R3-CD, 2016 WL 4582499, at *4-5 (Tenn. Crim. App. Sept. 2, 2016) (finding trial court erred by considering proof presented prior to the entry of the judgment of conviction, namely at the sentencing hearing, in its disposition of the motion under Rule 35, but concluding that trial court did not abuse its discretion in denying relief because defendant failed to show "post-sentencing information or developments" arose warranting a reduction of the sentence), *no perm. app. filed*; *State v. Sabrina Howard*, No. W2014-02309-CCA-R3-CD, 2015 WL 8334629, at *3 (Tenn. Crim. App. Dec. 9, 2015) (denying relief because motion under Rule 35 was untimely and defendant failed to present trial court with evidence of a change in circumstances that would warrant suspension of remaining sentence), *no perm. app. filed*; *State v. Kristopher Lee Colbert*, No. M2012-00225-CCA-R3-CD, 2012 WL 5543520, at *4 (Tenn. Crim. App. Nov. 9, 2012) (determining trial court did not abuse its discretion in denying relief under Rule 35 after a sentencing hearing where the trial court sentenced defendant within the range and utilized proper sentencing procedure), *perm. app. denied* (Tenn. Mar. 5, 2013); *State v. Tianje R. Johnson*, No. M2010-01159-CCA-R3-CD, 2011 WL 5551677, at *7 (Tenn. Crim. App. Nov. 15, 2011) (finding no abuse of discretion in denial or relief under Rule 35 after an open plea where the defendant utilized "the same arguments and evidence submitted at the sentencing hearing"), *no perm. app. filed*; *State v. Hugo Mendez*, No. W2009-02108-CCA-R3-CD, 2010 WL 2836116, at *2 (Tenn. Crim. App. July 19, 2010) (deeming completion of rehabilitative services during incarceration was not the "type[] of 'unforeseen developments' which would serve as a basis for sentence modification"), *no perm. app. filed*; *State v. Herman Sowell, Jr.*, No. M2008-02358-CCA-R3-CD, 2010 WL 987196, at *3-4 (Tenn. Crim. App. Mar. 17, 2010) (deciding that a spouse's health concerns did not justify modification of defendant's sentence), *no perm. app. filed*; *State v. William C. Osborne, Jr.*, No. M2008-00988-CCA-R3-CD, 2009 WL 1260238, at *3 (Tenn. Crim. App. May 7, 2009) (finding Defendant presented no proof of unforeseen, post-sentencing developments, except the violation of his own probation, that would warrant modification of his sentence), *no perm. app. filed*; *State v. Robert C. Payne*, No. M2006-01662-CCA-R3-CD, 2007 WL 92355, at *1-2 (Tenn. Crim. App. Jan. 11, 2007) (denying relief under Rule 35 based on finding that "health and family concerns were present at the time of sentencing"), *no perm. app. filed*; *State v. John Harvey Jennings*, No. M2006-02055-CCA-R3-CD, 2007 WL 2600541, at *2-3 (Tenn. Crim. App. Sept. 11, 2007) (determining that alteration of defendant's sentence was not proper in the interest of justice), *no perm. app. filed*.

Defendant relied on the proof presented at the sentencing hearing to support his motion under Rule 35. He did not set forth or even allege any post-sentencing developments that would justify a reduction of his sentence. Thus, the trial court abused its discretion by applying an incorrect legal standard when it decided to grant Defendant's motion and reduce Defendant's sentence. Accordingly, we must reverse and remand the judgment of the trial court with respect to the Rule 35 motion. On remand, the trial court should enter new judgment forms and reinstate the sentences from the original sentencing hearing, reflecting a total effective sentence of thirty-one years.

## II. Defendant's Direct Appeal of Sentence

Prior to seeking relief under Rule 35, Defendant sought a direct appeal of his sentence. Defendant's direct appeal was consolidated with this appeal. Because we have determined that the trial court abused its discretion by granting Defendant relief under Rule 35, we can review the merits of Defendant's original issues on appeal, including whether the trial court improperly sentenced him to thirty-one years.

Citing *State v. Biggs*, 482 S.W.3d 923 (Tenn. Crim. App. 2017), Defendant argues that the trial court abused its discretion in sentencing him to thirty-one years because he "has never been convicted of a violent offense," did not "employ a weapon," and many factors helped to mitigate his offenses. The State disagrees.

When a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.

In reaching its decision, the trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant in his own

behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. § 40-35-102, -103, -210(b); *see also Bise*, 380 S.W.3d at 697-98. Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and also "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4).

This Court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. The weighing of various enhancement and mitigating factors is within the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). Appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2007).

Additionally, a trial court may order consecutive sentences if it finds that the defendant "is an offender whose record of criminal activity is extensive." T.C.A. § 40-35-115(b); *State v. Pollard*, 432 S.W.3d 851, 862 (Tenn. 2013). If the trial court provides the reasons on the record establishing at least one basis for consecutive sentencing, then the trial court's decision will be presumed reasonable. *Pollard*, 432 S.W.3d at 861.

In *Biggs*, the defendant entered a guilty plea to four counts of aggravated robbery, during which the defendant displayed a gun and demanded money from employees at various businesses. The defendant also pled guilty to two counts of misdemeanor theft, after taking bags of potting soil from Walmart and taking money from a convenience store's cash register. The defendant also pled guilty to attempted aggravated robbery, during which he attempted to take money from another cash register. The cashier closed the register drawer on the defendant's hand, the defendant pulled out a gun, and a struggle ensued. The defendant left the scene without the gun, which was later determined to be a toy. The toy gun was also used in the four aggravated robberies. *Biggs*, 482 S.W.3d at 925.

The trial court determined the defendant was a Range III, persistent offender based upon his previous convictions and imposed partial consecutive sentences, ordering the defendant's twenty-two-year sentences for aggravated robbery to be served consecutively, for an effective forty-four-year sentence to be served at 85%. The trial court imposed consecutive sentences based on the defendant's extensive criminal history and because the defendant was on probation at the time he committed the offenses. The defendant had approximately eight prior convictions, and he admitted he was on probation at the time he committed the offenses. The trial court noted that full consecutive service was not warranted but that partially consecutive service produced a fair and just sentence. *Id.* at 926.

On appeal, the *Biggs* majority concluded that the trial court erred by ordering partially consecutive service. The majority focused, in part, on the circumstances of the offenses, noting that the robberies were committed with a plastic gun, that none of the victims were injured, and that two victims knew the gun was plastic. The majority also focused on the defendant's age of forty-nine and lack of previous convictions for violent offenses. This Court concluded that the sentence was tantamount to a life sentence and that forty-four years was not deserved in relation to the offenses involved and was not the least severe measure necessary to achieve the purposes of sentencing. *Id.* at 927.

Here, the trial court considered Defendant's nine prior felony convictions and several misdemeanor convictions prior to determining Defendant was an offender with an extensive criminal history that justified consecutive sentencing. The trial court also noted that Defendant had "many opportunities" yet continued to engage in criminal conduct. "A trial court's sentencing determinations are fashioned to the individual offender." *Jamie Paul Click*, 2017 WL 1189750, at *22 (citing *State v. Austin Dean*, Nos. E2015-01217-CCA-R3-CD & E2015-02366-CCA-R3-CD, 2016 WL 5864631, at *6 (Tenn. Crim. App. Oct. 7, 2016) (declining to extend *Biggs*), *no perm. app. filed*). The trial court herein did not abuse its discretion in sentencing Defendant to a within-range sentence for twenty felonies with partial consecutive sentencing.

### III. Breach of the Plea Agreement

Finally, Defendant complains that counsel for the State made a statement at the sentencing hearing which amounted to a breach of the plea agreement. Specifically, Defendant claims that "the prosecutor violated the spirit of the plea deal" when he promised that he "would not recommend a specific number [of years for Defendant's sentence]" but commented during the sentencing hearing that he did not "believe the court will get to the number [he] had in mind."

Defendant failed to object to the prosecutor's statements at sentencing. Thus, the issue is waived in the absence of plain error. *See State v. Armstrong*, 256 S.W.3d 243, 249 (Tenn. Crim. App. 2008). Additionally, Defendant has failed to provide a sufficient record establishing what occurred in the trial court. The plea agreement does not mention that the State will refrain from making a recommendation to the trial court; the plea agreement references an open plea. For this reason alone, he is not entitled to plain error review. *See State v. Smith*, 24 S.W.3d 274, 283 (Tenn. 2000) (concluding that a defendant is not entitled to plain error review if all five factors are not established or if "it is clear from the record that at least one of the factors cannot be established"). This issue is waived.

### Conclusion

For the foregoing reasons, we determine that the trial court abused its discretion in granting Rule 35 relief and modifying Defendant's sentence. Accordingly, the judgments of the trial court are reversed and remanded. On remand, the trial court should enter amended judgments for each count of each indictment in case numbers 2015-CR-672, -730, -731, and -872, including Count Thirty-seven of case number 2015-CR-731. The sentences reflected in the amended judgment forms should be those sentences originally imposed by the trial court at the initial sentencing hearing, for a total effective sentence of thirty-one years.

_____
TIMOTHY L. EASTER, JUDGE